UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ICE CUBE BUILDING, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY<br>d/b/a SCOTTSDALE INSURANCE GROUP,<br>    *Defendant*. | No. 3:17-cv-00973 (VAB) |

**RULING AND ORDER ON MOTION
TO COMPEL APPRAISAL AND STAY LITIGATION**

Ice Cube Building, LLC ("Plaintiff") has sued Scottsdale Insurance Group[1] ("Scottsdale" or "Defendant") for breach of a contract of insurance.

Ice Cube Building moves to compel appraisal of Ice Cube Building's alleged losses and to stay this case until appraisal has concluded.

For the reasons that follow, the Court **DENIES** the motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Ice Cube Building allegedly owns real property in Groton, Connecticut. Notice of Removal, Ex. 1 ("Complaint" ¶ 1); ECF No. 1. Scottsdale, allegedly an Arizona insurance company, is authorized to do business within the State of Connecticut. *Id.* ¶ 13. The issue is whether Scottsdale, under the operative insurance policy (the "Policy"), is under a legal duty to cover damage to Ice Cube Building's property.

---

[1] Scottsdale represents that it has been incorrectly named in this case as "Scottsdale Insurance Company d/b/a Scottsdale Insurance Group." Answer and Countercl. at 1, ECF No. 9.

1

A.     FACTUAL ALLEGATIONS

On January 8, 2016, Scottsdale allegedly issued the Policy to Ice Cube Building for coverage of real property in Groton, Connecticut. Pl. Mot. Compel ¶ 1, ECF No. 21; Notice of Removal, Compl. ¶ 3. The Policy allegedly includes commercial property coverage with a limit of $2,603,669 (the agreed value) for the property, limited coverage for fungus, wet rot, dry rot, and bacteria with limits of $15,000 and a $5,000 deductible. Answer and Countercl. ¶¶ 6–7, ECF No. 9.

The Policy allegedly contains an appraisal clause that states:

> If we and you disagree on the value of the property or the amount of loss, either may make a written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.

Pl.'s Mot. Compel ¶ 2.

While the Policy was allegedly operative, a snow or ice storm allegedly caused damage to Ice Cube Building's property. Notice of Removal, Compl. ¶ 4. The weight of snow and ice allegedly caused the roof to begin to leak and for water to come into the building. Answer and Countercl. ¶ 9.

On May 3, 2016, Ice Cube Building allegedly notified Scottsdale of the claim. *Id.* ¶ 9. Scottsdale allegedly acknowledged the claim, and, following an investigation, Scottsdale allegedly issued a position letter that accepted coverage in part and denied coverage in part. *Id.* ¶¶ 10–11. Scottsdale maintains that it paid Ice Cube Building for the undisputed amount of damages arising out of the claim covered by the Policy. *Id.* ¶ 12. It also maintains Ice Cube Building submitted its own estimate of damages in excess of $1 million dollars that Ice Cube Building contends arise from the claimed damage to its property. *Id.* ¶ 13.

B.   **PROCEDURAL BACKGROUND**

On May 15, 2017, Ice Cube Building served the Complaint on the State of Connecticut Office of Insurance Commissioner. Notice of Removal ¶ 2. The Complaint alleges breach of contract and seeks a declaratory judgment, money damages, and attorney fees. *Id.* ¶ 3. Scottsdale removed the case to this Court. ECF No. 1.

On June 20, 2017, Scottsdale answered the Complaint and asserted a counterclaim against Ice Cube Building. ECF No. 9. Scottsdale seeks a declaration from the Court as to whether the Policy covers Ice Cube Building's alleged losses. *Id.* ¶ 19.

On October 17, 2017, Ice Cube Building moved to compel appraisal and stay this litigation. ECF No. 21.

II.   **STANDARD OF REVIEW**

Section 52-410 of the Connecticut General Statutes provides, in relevant part:

> A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court for the judicial district in which one of the parties resides . . . for an order directing the parties to proceed with the arbitration in compliance with their agreement.

Conn. Gen. Stat. § 52-410(a).

Arbitration, however, is a "creature of contract," and person can be compelled to arbitrate a dispute "only if, to the extent that, and in the manner which, he has agreed to do so. . . . No one can be forced to arbitrate a contract dispute who has not previously agreed to do so. . . ." *Stack v. Hartford Distributors, Inc.*, 179 Conn. App. 22, 28 (2017) (quoting *Green v. Conn. Disposal Serv., Inc.*, 62 Conn. App. 83, 86–87 (2001)); *see also Sec. Ins. Co. of Hartford v. DeLaurentis*, 202 Conn. 178, 183 (1987) ("Except when mandated by statute, a court may not compel parties to arbitrate matters other than those which they have agreed to arbitrate under the provisions of

their insurance policy." (internal quotation marks and citation omitted)). "Under Connecticut law, an appraisal clause contained in an insurance policy 'constitutes an agreement to arbitrate and falls within the ambit of [Connecticut's] arbitration statutes.'" *S. Air, Inc.*, *v. Chartis Aerospace Adjustment Servs., Inc.*, No. 3:11-cv-1495 JBA, 2012 WL 162369, at *2 (D. Conn. Jan. 18, 2012) (quoting *Middlesex Mut. Assurance Co. v. Clinton*, 38 Conn. App. 555, 557 n.2 (1985)).

## III. DISCUSSION

Ice Cube Building argues that there is a disagreement on the amount of loss suffered, it made a written demand for an appraisal of the loss, and therefore Connecticut law, § 52-410, and the terms of the insurance policy require Scottsdale to appoint an appraiser to assess Ice Cube Building's uncompensated losses. Scottsdale argues that an appraisal is premature because there are outstanding coverage issues that the Court must address as a condition predicate to the appraisal process. The Court agrees.

"Whether a particular dispute is arbitrable is a question for the [C]ourt, unless, by appropriate language, the parties have agreed to arbitrate that question, also." *DeLaurentis*, 202 Conn. at 183 (citing *Conn. Union of Tel. Workers, Inc. v. S. New England Tel. Co.*, 148 Conn. 192, 198 (1961)). "The manifestation of arbitrability may be by express provision to that effect or the use of broad terms . . . and courts must look to the plain language of the contract and construe the contract as a whole when determining the intent of the parties." *Stack*, 179 Conn. App. at 28–29 (quoting *Lussier* v. *Spinnato*, 69 Conn. App. 136, 143 (2002)). "[T]he intent of the parties," is to be ascertained "from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction." *PSE Consulting, Inc. v. Frank Mercede & Sons, Inc.*, 267 Conn. 279, 290 (2004) (quoting *Poole v. City of Waterbury*, 266

Conn. 68, 87–88 (2003)). In doing so, a court must accord the language "common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract." *Id.*

If the language is "clear and unambiguous, the contract is to be given effect according to its terms." *Id.* "If the language of the contract is ambiguous, the Court must defer to a jury to determine the intent of the parties." *Exec. Airlines v. Elec. Boat Corp.*, 271 F. Supp. 2d 392, 399 (D. Conn. 2003) (citing *Topf v. Warnaco, Inc.*, 942 F. Supp. 762, 767 (D. Conn. 1996)).

The parties do not dispute that the insurance policy requires them to arbitrate certain disputes arising from the Policy. The issue is whether the Policy's appraisal clause requires the Court to compel arbitration of a dispute over coverage of Ice Cube Building's claim, as opposed to the amount of damage it claims has gone unpaid.

Here, the Policy unambiguously provides for arbitration of disagreements relating to the "value of the property" or the "amount of loss" suffered by the policyholder. Answer and Countercl. ¶ 8. By contrast, Scottsdale seeks a declaratory judgment as to its rights and liabilities under the Policy and, in particular, alleges that Ice Cube Building "seeks to appraise damages that are not covered by the Policy." *Id.* ¶ 16. Because the Policy expressly provides for the arbitration of disputes related to the value or quantum of a loss suffered—not the rights and liabilities of the parties under the Policy—and the Court may only compel the parties to arbitrate matters "which they have agreed to arbitrate under the provisions of their insurance policy," *DeLaurentis*, 202 Conn. at 183; *see, e.g.*, *id.* at 182–83 (holding that a dispute over coverage must be arbitrated where the policy provision at issue stated that the parties agreed to arbitrate should they "not agree as to the coverage of insurance"), the Court cannot compel the parties to arbitrate the question of coverage under § 52-410.

Where, such as here, coverage is in dispute, the issue is "an antecedent question for the court," *Fishman v. Middlesex Mut. Assur. Co.*, 4 Conn. App. 339, 352 (1985) (citing *Covenant Ins. Co. v. Banks*, 177 Conn. 273, 280 (1979)), and not an issue for arbitration, at least at this stage of the case. Accordingly, Ice Cube Building's motion is premature and will be denied.

**IV.     CONCLUSION**

For the reasons discussed above, the Court **DENIES** the motion to compel appraisal and stay litigation.

The Clerk of the Court is instructed to amend the caption in this case to name defendant as Scottsdale Insurance Company.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of June, 2018.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE