UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ICE CUBE BUILDING, LLC<br>Plaintiff, | )<br>)<br>)<br>) | CIVIL NO. 3:17-cv-00973 (KAD) |
| v. | )<br>)<br>) | |
| SCOTTSDALE INSURANCE COMPANY<br>Defendant. | )<br>) | February 11, 2019 |

### ORDER ON THE PLAINTIFF'S
### MOTION FOR PROTECTIVE ORDER

Pending before the Court are the Plaintiff's Motion for a Protective order Against Deposing Scottsdale's Corporate Representative (ECF No. 61), and the objections thereto. For the following reasons, the Motion is granted in part and denied in part.

**I. Standard of Review**

In evaluating any discovery dispute, the Court must determine whether the information sought is relevant and proportional to the needs of the case. *Winfield v. City of New York*, No. 15-CV-05236 LTSKHP, 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018). Rule 30(b)(6) provides that the party's notice "describe with reasonable particularly the matters on which examination is requested". Fed. R. Civ. P. 30(b). Rule 26(c) provides that a court may, for good cause, issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

## II. Scope of Notice

The Court agrees, in part, that the Notice issued by the Plaintiff was not sufficiently particular regarding the scope of the representative's knowledge as required under Rule 30(b)(6). *See, e.g.*, *Sheehy v. Ridge Tool Co.*, No. 3:05-CV-01614 CFDTPS, 2007 WL 1548976, at *4 (D. Conn. May 24, 2007). The Court also agrees, in part, that the scope of the Notice was broader than appropriate pursuant to Rule 26(c). *See, e.g., Krasney v. Nationwide Mut. Ins. Co.*, No. 3:06-CV-1164 (JBA), 2007 WL 4365677, at *4 (D. Conn. Dec. 11, 2007).

Accordingly, it is Ordered: The Defendant shall produce for deposition the representative who is most knowledgeable regarding the handling, processing, adjusting and denial of the Plaintiff's claims under the policy or polices at issue in this litigation.

## III. Location of Deposition

Where a corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business. *See Snow Becker Krauss P.C. v. Proyectos e Instalaciones de Desalacion, S.A.*, 1992 WL 395598, at * 3 (S.D.N.Y. Dec. 11, 1992). "It is now well-settled, though, that the familiar presumption in favor of locating a deposition at the deponent's residence or place of business 'can be overcome by a showing that factors of cost, convenience, and litigation efficiency militate in favor of' a different location." *Dagen v. CFC Grp. Holdings Ltd.*, No. 00-CV-5682 (CBM), 2003 WL 21910861, at *3 (S.D.N.Y. Aug. 11, 2003) (quoting *In Re Livent Securities Litigation*, 2002 WL 31366416, at *1 (S.D.N.Y. Oct.21, 2002)).

The Court finds that the circumstances of this case overcome the presumption and militate in favor of a deposition in Connecticut. The cost of conducting the deposition in Arizona would be significantly higher than the cost of conducting the deposition in Connecticut.

The cost of one person's travel from Arizona would be well less than the cost of two and perhaps more persons travelling to Arizona. Convenience also favors Connecticut as counsel for both parties are local to Connecticut and, presumably, the discovery is also so located. If the discovery is ESI, the Court recognizes that it is portable. Moreover, in light of the fact that counsel are well past this Court's deadline setting the close of discovery, litigation efficiency in this case leans in favor or completing the deposition in the place counsel are located. While the Court does not discount the Defendant's apparent willingness to sustain these increased costs by opposing the proposed location, the Court must be and is ever mindful that the discovery in a case, to include the cost for same, must be proportionate to the amount in controversy. *See* Fed. R. Civ. P. 26(b)(1); *see also Scribner v. Ocean State Jobbers, Inc.*, No. 3:14-CV-01486(AWT), 2016 WL 4926410, at *1 (D. Conn. Sept. 14, 2016).

For all of the foregoing reasons, the Motion for Protective Order is granted in part and denied in part. The deposition must be scheduled within four weeks of this Order.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of day of February 2019.

_____/s/_____
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE