UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ICE CUBE BUILDING, LLC | ) | CIVIL NO. 3:17-cv-00973 (KAD) |
|    Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| SCOTTSDALE INSURANCE COMPANY | ) | April 8, 2019 |
|    Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL (ECF No. 80)**

The procedural and factual nature of this coverage dispute is well-known to all parties at this juncture. By motion to compel, the Plaintiff challenges the adequacy of the Defendant's answers to certain Interrogatories and Requests for Production. [1]

With respect to the Interrogatories, the Plaintiff seeks an order from the Court requiring the Defendant to identify within its document production the specific documents from which the answer to the Interrogatory might be gleaned. The Defendant asserts that it has adequately complied with its obligations under Rules 33. "Under Federal Rule of Civil Procedure 33(d), the responding party may answer an interrogatory by producing business records if … : (1) the interrogating party can determine the answer to the interrogatory by 'examining, auditing, compiling, abstracting or summarizing' the business records; (2) 'the burden of deriving or ascertaining the answer will be substantially the same for either party'; (3) the responding party 'specifies the records that must be reviewed, in a sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could'; and, (4) the responding

---

[1] The Court first observes that Plaintiff identified only Interrogatories Nos. 3, 6, 10, 12, and 24 and Requests for Production Nos. 5-7, 16, 20 – 23, 26, 34-35, 37, and 46 as being at issue at page 7 of its Memorandum in Support of the Motion to Compel. Notwithstanding, the Memorandum addresses different Interrogatories and Requests for Production, arguing some, though not all, of those identified, and arguing others not identified at all. It is not this Court's obligation to comb through the pleadings to figure out precisely what is at issue. Nonetheless, the Court has endeavored to identify all issues in dispute.

provides the interrogating party with 'a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.'" *Sadofsky v. Fiesta Prod., LLC,* 252 F.R.D. 143, 147 (E.D.N.Y. 2008) (quoting Fed. R. Civ. P. 33(d)). Rule 33(d) shifts the burden of compiling the information and ascertaining the answer to an Interrogatory from the producing party to the interrogating party. *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 44 (S.D.N.Y. 1984). Here, the Plaintiff's Interrogatories are extremely broad, so it should come as no surprise that the documents which contain the responsive information are located within a trove of documents. However, the Defendant has identified with specificity the range of documents at issue by Bates Number. This is sufficient. *Phoenix Four, Inc. v. Strategic Res. Corp.,* No. 05 Civ. 4837, 2006 WL 1517583, at *3 (S.D.N.Y. June 2, 2006) (holding that plaintiff could answer defendant's interrogatory by identifying by Bates numbers the documents already produced and stating which Bates numbers corresponded to the relevant documents). The Court further notes that the documents were produced in a searchable format, rendering the information equally accessible to the Plaintiff as it is to the Defendant. *See, e.g., Myer v. Miriam Collins–Palm Beach Labs. Co.*, No. 85–3457, 1985 WL 3275, at *4 (E.D.Pa. Oct. 24, 1985) (denying plaintiff's motion to compel because defendant's offer to produce documents ranging from 1980 to 1982 was an adequate response to the interrogatories). With this in mind, the Court addresses each interrogatory and request for production in turn.

**Interrogatory 3**

The motion to compel further information is **GRANTED in part**. The Defendant shall indicate, for each individual listed, the general subject matter of the person's knowledge and information. If any individual identified is not an employee or former employee of the Defendant, contact information must be provided as well. The motion to compel is otherwise denied.

**Interrogatory 6**

The motion to compel further information is **DENIED**. The Interrogatory is overly broad; contains multiple Interrogatories; and seeks information outside the scope contemplated under Rule 26.

**Interrogatory 10**

The motion to compel is **DENIED**. Referral to the previously produced underwriting file is adequate.

**Interrogatory 12**

The motion to compel is **DENIED**. The issue of reserves and the setting of reserves is beyond the scope of Rule 26 in this coverage dispute. *See Sundance Corp. v. Am. Bureau of Shipping*, 1992 WL 75097, at *1 (S.D.N.Y. Mar. 31, 1992) (Court determined that reserves were not relevant, stating the insurer's "assessment or its underwriter's assessment or its counsel's assessment of exposure to liability in this or prior cases has nothing to do with whether here there is liability."); *U.S. Fire Ins. Co. v. City of Warren*, 2012 WL 1454008, at *10 (E.D.Mich. April 26, 2012) (A reserve is "merely a business judgment made by an insurance company to guard against future loss" and does not reflect a legal determination of the validity of an insured's claim" and thus, neither its existence nor amount has any bearing on the legal question of coverage).

**Interrogatory 24**

The motion to compel is **DENIED**. As indicated above, the Defendant has adequately identified the records from which the answer to the Interrogatory may be gleaned.

**Requests for Production**

Regarding the Request for Production, the Plaintiff first asserts that the document production does not adequately label or identify the records produced. For the reasons set forth

above, the documents, produced in ESI and in searchable format, are adequately accessible and useable by the Plaintiff. However, the Court agrees that additional information should be provided to the extent it has not already been provided. The Defendant shall, on or before April 22, 2019, provide a "Table of Contents" or similarly-structured document which identifies for the Plaintiff the content and location of the various category of documents contained in the document production. The Court does not require a document-by-document description, but rather a description that mirrors the titles, labels, or file folders used by the Defendant in the creation and storage of its business records. *See* Fed. R. Civ. P. 34.

**Request for Production 2**

The Motion to Compel is **DENIED**. The Defendant produced the non-privileged portion of its underwriting file.

**Requests for Production 5 – 7**

Subject to the above order, the motion to Compel is **DENIED**.

**Requests for Production 8, 17, 29, 32-33**

The Motion to Compel is **DENIED**.

**Requests for Production 27-28**

The Motion to Compel is **DENIED** for the same reason the motion to compel responses to Interrogatory 12 is denied above. These records are outside the scope of Rule 26 discovery in this coverage dispute.

Finally, regarding the Motion for Payment of Expert Fees, on or before April 22, 2019, the Defendant shall either pay the invoices in full or file a request for determination of reasonable expert fees.

**SO ORDERED** this 8th day of April, 2019.

                                                          _____/s/_____
                                                          Kari A. Dooley, USDJ