# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ICE CUBE BUILDING, LLC | ) | CIVIL NO. 3:17-cv-00973 (KAD) |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| SCOTTSDALE INSURANCE COMPANY | ) | April 8, 2019 |
| Defendant. | ) | |

**ORDER RE: MOTION TO QUASH AND FOR PROTECTIVE ORDER (ECF No. 62)**

The Defendant seeks to quash subpoenas issued to its expert witnesses, Lorin Falvo and Michael Tracey. The subpoenas were issued in conjunction with Notices of Deposition served on November 13, 2018. The Defendant also seeks a protective order with respect to the depositions. The motion is **GRANTED**.

Use of a Rule 45 subpoena to a party's expert is inappropriate as expert disclosures, reports, depositions and discovery are fully encompassed in Rule 26. *See, e.g., Pope v. City of New York*, 2012 WL 555997 at *1 (S.D.N.Y. Feb. 10, 2012) (Court quashed a subpoena to a party's expert finding use of a Rule 45 subpoena "inappropriate."). As observed by one district court, "[t]he Rules Committee's comment to the 1991 amendment of Rule 45 states clearly that the rule 'does not apply to the expert retained by a party, whose information is subject to the provisions of Rule 26(b)(4)." *In re Fuller*, 2013 WL 5305317, at *2 (D. Me. September 18, 2013). The Plaintiff does not respond to this argument. The subpoenas are quashed on this basis.

The Defendant next seeks a protective order precluding the depositions because the Notices of Deposition were untimely insofar as the deadline for expert discovery was November 12, 2018. The Court has "wide latitude to determine the scope of discovery." *In re Agent Orange Prod.*

*Liability Litig.*, 517 F.3d 76, 103 (2d Cir. 2008); *see also S.E.C. v. Rajaratnam*, 622 F.3d 159, 180–81 (2d Cir. 2010) (discussing discretion of district court to manage discovery). Under Local Rule 16(b) and Rule 16(b), district courts are required to enter scheduling orders "that limit the parties' time to complete discovery." *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139–40 (S.D.N.Y. 2011); *McKay v. Triborough Bridge & Tunnel Auth.*, No. 05 Civ. 8936(RJS), 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007). After the discovery period has closed, the Court will not reopen discovery absent a showing of good cause. *Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991). "Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied." *Guess?, Inc.*, 790 F. Supp 2d at 140; *see also, Slomiak v. Bear Stearns & Co.*, No. 83 Civ. 1542(CSH), 1985 WL 410, at *1 (S.D.N.Y. Mar. 12, 1985) (denying motion to compel deposition where counsel knew of the witnesses and the need for testimony before the close of discovery); *In re Health Mgmt., Inc.*, No. 96 Civ. 0889(ADS), 1999 WL 33594132, at *5 (E.D.N.Y. Sept. 25, 1999) (citing cases).

Here, the Plaintiff sets forth the same arguments advanced on November 6, 2018, when Plaintiff sought to modify the Court's scheduling order and to extend the very deadline it subsequently missed. But the Plaintiff did not seek reconsideration of the Court's ruling. Rather, it propounded discovery after the deadline notwithstanding the Court's ruling. The Plaintiff sought permission and was told no. It now seeks forgiveness, having ignored the Court's ruling. This is not the proper mechanism by which to seek rehearing of an issue. Notably, the Plaintiff's counsel became involved in this matter in mid-September, approximately two months before the deadline on expert discovery. And it is worth further noting that the Notices at issue were not served until after the November 12, 2018 deadline, even though the Plaintiff knew on November 6, 2018 that

the deadline would not be further extended. Finally, the Court rejects any suggestion, through innuendo or otherwise, that the Plaintiff is being or has been precluded from fairly and fully prosecuting its case. The request for a protective order is **GRANTED**.

        **SO ORDERED** this 8th day of April, 2019.


                                 _____/s/_____
                                 Kari A. Dooley, USDJ